IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT NASHVILLE

SEPTEMBER 1996 SESSION

FILED

May 30, 1997

Cecil W. Crowson
Appellate Court Clerk

| | |
|---|---|
| **STATE OF TENNESSEE,** | ) |
| | ) C.C.A. No. 01C01-9512-CC-00404 |
| Appellee, | ) |
| | ) Lawrence County |
| V. | ) |
| | ) Honorable Jim T. Hamilton, Judge |
| | ) |
| **TERRY ALLEN DOMINY,** | ) (Spousal Rape - 3 counts) |
| | ) |
| Appellant. | ) |

FOR THE APPELLANT:

Shara A. Flacy
District Public Defender

William C. Bright
Assistant Public Defender
P.O. Box 1208
Pulaski, TN 38478

FOR THE APPELLEE:

Charles W. Burson
Attorney General & Reporter

Michael E. Moore
Solicitor General

Gordon W. Smith
Associate Solicitor General
500 Charlotte Avenue
Nashville, TN 37243-0497

T. Michael Bottoms
District Attorney General
P.O. Box 459
Lawrenceburg, TN 38464

Stella L. Hargrove and
James G. White II
Assistant District Attorneys General
Maury County Courthouse Annex
Columbia, TN 38401

OPINION FILED: _____

**REVERSED AND REMANDED FOR SENTENCING**

**PAUL G. SUMMERS,**
Judge

**O P I N I O N**

A jury convicted the appellant, Terry Allen Dominy, of three counts of aggravated rape. He was sentenced to twenty-five years on each count. The sentences were ordered to run consecutively. He raises seventeen issues on appeal. Upon review, we reverse and remand for substitution of three spousal rape convictions and sentencing.

## FACTS

The appellant asked his wife to have sexual intercourse with his dog.[1] When she refused, he bound her wrists and ankles with duct tape. He placed a strip of tape across her mouth. He then forced his dog to have sexual intercourse with his wife.[2]

The appellant's wife testified. She stated that the appellant had been drinking and smoking "dope" prior to the assault. She was "scared." She stated that the insertion of the dog's penis hurt her vagina. The assault continued for "ten to fifteen minutes." She further stated that the appellant laughed while his dog was penetrating her.

On two other occasions, the appellant forced his wife to have sexual intercourse with his dog. On the second occasion, the appellant begged his wife to have sexual intercourse with the dog. She refused, so he slapped her and bound her with duct tape. Prior to the third assault, the appellant's wife had hidden the duct tape. The appellant searched for, but was unable to find, the tape. He then physically and verbally assaulted his wife until she submitted to

---

[1]Testimony indicates that the appellant became fetishly aroused when viewing sexual intercourse between his dog and his wife.

[2]The appellant manipulated the dog's penis until the dog became aroused. He then placed the dog's penis inside his wife's vagina.

having sexual intercourse with his dog. The appellant had sexual intercourse with the victim after the dog finished.[3]

## LIMITED SPOUSAL EXCLUSION TO RAPE

The appellant argues that the evidence is legally insufficient to support a conviction for aggravated rape. He maintains that because he was married to the victim, he cannot be convicted of aggravated rape. The state concedes that the appellant was married to the victim and that his conviction for aggravated rape cannot stand. Regrettably, due to these sordid facts, we must agree with the state's concession.

Pursuant to Tenn. Code Ann. § 39-13-507(a), one cannot commit aggravated rape or rape if the victim is his or her legal spouse.[4] The appellant is correct in his contention that Tennessee's spousal exclusion statute provides him with immunity from both rape and aggravated rape prosecution. The record contains an abundance of proof showing the appellant and the victim were married. Moreover, the state stipulates to this fact. Accordingly, the appellant's convictions for aggravated rape are reversed. We will now address what crimes the appellant did commit.

## SPOUSAL RAPE

---

[3]The appellant gave a statement where he admitted that his wife had sexual intercourse with his dog. He, however, maintained

> . . . it was a mutual consent thing. It was my idea but I didn't force her to do it. We had been drinking and watching a dirty movie and I said something about it. [She] said "[t]hat's nasty" and I said nasty is only in your mind, why don't you try it. She said okay and she went outside and got the dog. . . .

[4]"A person does not commit [aggravated rape, rape, aggravated sexual battery, sexual battery, or statutory rape] if the victim is the legal spouse of the perpetrator. . . ." Tenn. Code Ann. § 39-13-507(a) (1991).

-3-

Although the appellant's actions cannot constitute aggravated rape, his unlawful sexual penetration of a spouse may, however, constitute spousal rape. Spousal rape is defined as:

> [T]he unlawful sexual penetration of one spouse by the other where:
>     (A)  The defendant is armed with a weapon or any article used or fashioned in a manner to lead the victim to reasonably believe it to be a weapon;
>     (B)  The defendant causes serious bodily injury to the victim; or
>     (C)  The spouses are living apart and one (1) of them has filed for separate maintenance or divorce.

Tenn. Code Ann. § 39-13-507 (b)(1) (1991).

The appellant contends that he cannot be convicted of an offense which is not charged in the indictment or which is not a lesser included offense of the indicted charge.  Because spousal rape is not a lesser included offense of aggravated rape, he claims that the most he can be convicted of is the lesser included offense of simple assault.  We disagree.

The appellant is correct in his contention that spousal rape is not a lesser included offense of aggravated rape.  A spousal rape conviction requires proof of a legal marriage between the accused and the victim, an element not required for an aggravated rape conviction.  However, spousal rape is a lesser grade of aggravated rape.  State v. Trusty, 919 S.W.2d 305, 313-14 (Tenn. 1996).  In Trusty, our Supreme Court held that a lesser grade of an indicted offense may form the basis for a conviction as long as there is evidence in the record to support a conviction on the greater offense.  Id.

This Court finds that the appellant can be and is convicted of three counts of spousal rape.  A jury found that the appellant had committed all of the

elements necessary to constitute aggravated rape by use of a deadly weapon.[5]
The record contains an abundance of evidence proving the appellant and the victim were legally married. Furthermore, the state concedes that they were married. Therefore, we find the appellant guilty of three counts of spousal rape. We remand to the trial court for sentencing on three counts of spousal rape, which judgments are substituted for the aggravated rape convictions.

### JUDGMENT OF ACQUITTAL AND DEFENSE INSTRUCTION

The appellant argues that the trial judge erred in overruling his motion for judgment on the aggravated rape convictions. The appellant's third issue asserts that the trial court erred in refusing to instruct the jury that legal marriage was an absolute defense to aggravated rape. Our reversal of the aggravated rape convictions renders these issues moot.

### FAILURE TO SPECIFY MENTAL ELEMENT

The appellant argues that the indictment failed to specify a requisite mental element of aggravated rape. He, therefore, contends that the indictment is invalid and the trial court lacked jurisdiction to try him. We disagree.

The requisite mental element of aggravated rape is intentional, knowing, or reckless. Tenn. Code Ann. § 39-11-301(c) (1991). Mental elements may be implied. See State v. Marshall, 870 S.W.2d 532, 538 (Tenn. Crim. App. 1993) (holding intention to sell language necessarily implied knowing possession).

---

[5]The appellant on three occasions, forced a large dog onto his approximately 68 pound wife. He manipulated the dog's penis into her vagina. The victim testified that the dog was, apparently, angered. The dog attempted to bite the appellant and did scratch the victim. A large dog, under these circumstances, is quite capable of causing serious bodily injury. A rational trier of fact could, and indeed did in this case, find the dog to be a dangerous weapon.

The appellant was charged with three counts of aggravated rape. The indictment alleged that the appellant:

> did unlawfully, forcibly, or coercively, while armed with a weapon or article used or fashioned in a manner to lead [the victim] reasonably to believe it to be a weapon, sexually penetrate [the victim] in violation of T.C.A. 39-13-502, all of which is against the peace and dignity of the State of Tennessee.

One acting forcibly acts intentionally. Accordingly, one could infer from the language in the indictment that if the appellant forcibly raped the victim, he intentionally raped the victim. The requisite mental element has been implied. Notwithstanding mootness, this issue is without merit.

## TRIAL JUDGE RESIDING IN HOME OWNED BY PROSECUTING ATTORNEY

The appellant argues that the trial judge erred in failing to disclose that he resided, during trial, in a residence owned by the prosecuting attorney. He contends that the trial judge should have recused himself.

The prosecuting attorney owned a farm in the area on which there were apparently four separate residences. The trial judge stayed at one of those residences during the trial. He paid the utility bill, telephone bill, and cable bill incurred during his stay.

Judges are to avoid the appearance of impropriety. Tenn. R. Supr. Ct., Rule 10. Residing on a prosecuting attorney's property during trial creates an appearance of impropriety. Trial judges should refrain from such activity. Even if the situation is innocent, it appears improper.

The appellant frames the issue as an abuse of discretion. The appellant, however, has not provided this Court with a transcript of the recusal motion. We must presume that the trial court ruled correctly when the record we are

reviewing is incomplete.  <u>State v. Mathews</u>, 805 S.W.2d 776, 784 (Tenn. Crim. App. 1990).  Notwithstanding waiver, we are unable to find, under a plain error analysis, that the appellant was prejudiced by the trial judge's actions.  This issue is without merit.

## EVIDENCE OF PRIOR RAPE

The appellant argues that the trial judge committed reversible error in refusing to allow a complete offer of proof.  We disagree.

At trial, appellant's counsel moved to offer evidence pursuant to Tenn. R. Evid., Rule 412.  The trial judge permitted the appellant to call several witnesses in making his offer of proof.  The victim was called as a witness.  The appellant's counsel asked her if she was raped by her brothers when she was thirteen years old.  The victim responded affirmatively.  Counsel asked her whether a dog was used in the rape.  She again responded affirmatively.  Counsel then asked whether the dog was placed on top of her.  The state objected.  The court refused to allow counsel to continue.

The victim's brothers testified in the appellant's offer of proof.  J. B. denied having knowledge of his sister being raped when she was a teenager.  W. B. also denied having knowledge of the alleged rape.  W. B. was then asked whether his sister would be lying if she said that he raped her with a dog when she was thirteen.  He responded, "I don't know.  Did she say that?"

The appellant maintains that he was erroneously prevented from making a complete offer of proof.  In a related issue, the appellant asserts that he should have been allowed to offer evidence, pursuant to Tenn. R. Evid., Rule 412(b) and (c), of the victim's prior rape.  He argues that the evidence was both relevant and admissible as impeachment evidence.

Rule 412 permits introduction of a victim's sexual history to prove consent under very limited circumstances. First, the evidence must be of "specific instances of [the] victim's sexual behavior . . . with persons other than the accused." Tenn. R. Evid., Rule 412(c)(4) (emphasis added). Both "instances" and "persons" are plural. The plural form is significant because Rule 412 requires that the evidence be of a "pattern" of sexual behavior. Accordingly, to satisfy the stringent requirements of Rule 412, the appellant must proffer admissible testimony from multiple witnesses relating multiple incidents of sexual behavior.

The appellant's offer of proof referred to a single prior incident of sexual behavior. This single incident did not establish a pattern of conduct as required by Rule 412. Moreover, the victim testified that the prior sexual behavior was nonconsensual. Evidence of the prior nonconsensual act did not prove consent to the instant charged acts. The evidence was, therefore, not admissible as Rule 412 impeachment evidence on the issue of consent.[6]

## PRIOR STATEMENT

The appellant argues that a statement he made to the police should have been excluded from trial. He argues that the statement showed a prior bad act and that the state failed to provide proper notice to introduce the statement. We disagree.

The appellant provided the police with a written statement. The statement was in response to the question, "What can you tell me about the allegations that you forced your wife to have sex with your dog?" The appellant responded:

---

[6]The proffered evidence was also inadmissible to show a propensity to fabricate a complaint of rape with a dog. Whether sexual contact occurred was not a disputed issue. The appellant admitted that the sexual behavior occurred. His position, however, was that the sexual behavior was consensual.

> Yes, but it was a mutual consent thing. It was my idea but I didn't force her to do it. We had been drinking and watching a dirty movie and I said something about it. [The victim] said "That's nasty" and I said nasty is only in your mind, why don't you try it. She said okay and she went outside and got the dog. She laid back on the couch and the dog licked her and she had an orgasm. Within five minutes I had sex with her. I would rather she do it with my dog than a friend because the dog don't know any better. The first time it happened was at her mother's house on New Year's about four months before we were married. The other time was August of 1993 at our house in Leoma. I never forced her to do it.

The statement was reduced to writing and introduced at trial.

The statement was admissible as a party-opponent admission. Tenn. R. Evid., Rule 803. Moreover, exculpatory statements, proven false, evidence a consciousness of guilt. The statement was, therefore, both relevant and admissible. This issue is without merit.

## VICTIM'S TAPED STATEMENT

The appellant next assigns error in the trial court's decision to allow the jury to hear an audiotape of the victim's interview with the Department of Human Services (DHS). He argues that the tape was inadmissible hearsay and contained "prejudicial assertions." In the alternative, he argues that if the tape had been admissible, certain prejudicial information should have been redacted.

The record indicates that on cross-examination, the appellant's counsel opened the door for the tape's admission. The appellant did not raise objections on the grounds that the tape contained evidence of prior bad acts or was improper bolstering. Moreover, the appellant's counsel did not request a redaction. Accordingly, the issues regarding the DHS tape are either meritless or have been waived.

## EXCESSIVE SENTENCE

The appellant argues that his sentence was excessive and that consecutive sentences were improper.

The appellant was sentenced on three counts of aggravated rape, a Class A felony. We have reversed those convictions and found the appellant guilty of three counts of spousal rape. Spousal rape is punishable as a Class C felony. The case is, therefore, remanded for sentencing on the spousal rape convictions. The trial court will decide whether the new sentences shall run consecutively.

## PHOTOGRAPHS

The appellant next assigns error in the trial judge's admission of photographs. He argues that the photographs were prejudicial and irrelevant. We disagree.

The admissibility of photographs rests within the sound discretion of the trial court. The trial court's decision shall not be overturned unless it affirmatively appears that the admission has affected the results of the trial. State v. Melson, 638 S.W.2d 342, 365 (Tenn. 1982); see also United States v. Brady, 595 F.2d 359, 361 (6th Cir. 1979). "The trend of modern authority is to vest more discretion in the trial court in this respect." State v. Banks, 564 S.W.2d 947, 949 (Tenn. 1978). Moreover, we cannot substitute our judgment for that of the trial court. State v. Weaver, No. 4 (Tenn. Crim. App. Jan. 3, 1985). To overturn in the absence of an affirmative finding of abuse of discretion and prejudice, we merely supplant the trial judge's judgment with that of our own.

The appellant has not affirmatively demonstrated that admission of the photographic evidence prejudiced the jury's verdict. The photographs depicted the victim's emaciated condition. They corroborated the victim's testimony that the appellant would not let her eat and that she was too weak to resist the sexual assaults.

Banks recognizes the "policy of liberality in the admission of evidence in both civil and criminal cases, including the admission of photographs." Banks, 564 S.W.2d at 949. The trial court weighs the probative value against prejudicial effect. We cannot substitute our judgment for that of the trial court or declare error absent a finding that the trial judge abused his discretion. Melson, 638 S.W.2d at 365.

We have reviewed both the record and the photographs. We find neither an abuse of discretion nor prejudice. This issue is devoid of merit.

## EVIDENCE OF THE ALLEGED STARVATION

The appellant next assigns error in the trial court's decision to allow the jury to hear evidence that the appellant withheld food from the victim. He argues (1) that the evidence constituted prior bad acts and the state failed to file a written notice of intent to use the evidence, and (2) that the evidence was irrelevant and its probative value was outweighed by the danger of unfair prejudice.

I

The appellant raises the issue of written notice compliance for the first time on appeal. This issue is waived.

## II

Evidence of other crimes or wrongs is inadmissible to show propensity. Such evidence may be admissible, however, to show identity, motive, common scheme or plan, intent, or rebuttal of accident or mistake. Tenn. R. Evid., Rule 404(b) and Advisory Commission Comments.

The evidence is admissible under Rule 404(b). The evidence was relevant to show intent. A reasonable inference exists that the appellant intentionally starved the victim to keep her weak and undernourished. In a weakened state, the victim would be unable to resist his assaults. The appellant has not shown that the trial court abused its discretion in admitting the evidence.

## EVIDENCE OF THREATS AND VERBAL ABUSE

The appellant argues that the trial court erred in permitting testimony that the appellant threatened and verbally abused the victim. Testimony revealed that the appellant threatened to kill the victim if she sought a divorce. The appellant asserts that the testimony was inadmissible evidence of other wrongs because: (1) no written notice was provided, (2) the evidence was within the purview of Tenn. R. Evid., Rule 404(b), and (3) the probative value was outweighed by the danger of unfair prejudice.

We have reviewed the record. No objections were raised concerning compliance with a written notice requirement. Substantively, we are unable to state that the trial judge abused his discretion in admitting the evidence. Moreover, in light of the evidence, error, if any, was harmless. This issue is without merit.

## INTRODUCTION OF THE CALENDAR

The appellant argues that the trial court erred in permitting the introduction of the victim's calendar.  The victim had inscribed the word "dog" on the dates in which the alleged sexual assaults occurred.  The appellant maintains that pursuant to Tenn. R. Crim. P., Rule 16, he should have been allowed to examine the original calendar prior to trial.  He also asserts that the evidence is inadmissible hearsay.

The state argues that a copy of the original calendar was provided to the appellant prior to trial.  The state alleges that the appellant's trial counsel did not object to being provided with copies.  The record does not indicate that defense counsel found this arrangement unsatisfactory.

The appellant has not demonstrated prejudice.  The witness testified that she was raped on the dates marked on the calendar.  This issue is without merit.

## EXCULPATORY EVIDENCE

The appellant alleges that exculpatory evidence was withheld from the defense.  Specifically, he claims that a videotape depicting the victim and the dog showed that the dog was not a deadly weapon.  He claims that this videotape was "probably" in the possession of the victim or her family and should have been turned over to the defense.

The record is devoid of any proof that the videotape was in either the state's or the victim's possession.  We find no affirmative evidence that the state suppressed the videotape.  The appellant has not demonstrated that the evidence was favorable.  Moreover, we find it questionable whether the evidence was material.  The record shows that a male dog may possess a great

disposition yet turn dangerously violent when the animal's genitalia are manipulated in the manner testified to in this case. This issue is without merit.

## IMPROPER COMMENTS TO THE JURY

The appellant's last issue argues that the bailiff made improper comments to the jury during deliberations. While deliberating, the jury requested several exhibits. Defense counsel objected, and the trial judge denied the jury's request. The appellant claims that the jury foreperson then informed the jurors that they could not examine exhibits because the defense had objected.

The appellant's unfounded assertion appears to be purely speculative. The claim is not supported by the record. Neither the jury foreperson nor any juror testified that the foreperson made the objectionable statement. The trial judge found that the bailiff did not communicate improperly with the jury. The evidence does not preponderate against this finding. This issue is without merit.

## CONCLUSION

When our General Assembly debated the limited spousal exclusion bill, we are sure that they never contemplated as bizarre a set of facts as we have here. One cannot imagine the base, vile, and inhumane acts that the appellant perpetrated upon his wife. We are also certain that the legislature would want this type of criminal conduct to be punishable as more than a Class C felony. Hopefully, our legislature will address this issue and assess an appropriate penalty for this wicked conduct.

The appellant is convicted of three counts of spousal rape for the reproachable crimes he committed against his wife. He will be sentenced for these crimes by the trial court and judgment will be entered accordingly.

inadmissable

_____
PAUL G. SUMMERS, Judge

CONCUR:


_____
GARY R. WADE, Judge



_____
L. T. LAFFERTY, Special Judge